Lake, Ch. J.
The action in the court below was upon a promissory note, given by McCann to the defendant in error, for twenty per cent, of his subscription of one thousand dollars to its capital stock. The case was tried to the court without the aid of a jury, and the entire testimony is preserved by a proper bill of exceptions. The only question of importance presented in the record, is whether the finding and judgment of the court are warranted by the evidence. As to all of the material facts of the case there is no dispute. It is shown that McCann’s subscription to said capital stock, apd his giving of the note were contemporaneous acts, respecting one and the same transaction, and they must therefore be considered together.
The contract of subscription, which was in writing, contains among numerous other provisions, the following important condition, viz: “The terms of subscription are as follows: §20 per share of $100 each, is to be paid when the list is completed, as per apportionment above, and the remaining 80 per cent., unpaid on stock account, is to be assessed only in the event of the 20 per cent, cash fund becoming impaired by losses.” The “apportionment” here referred to was in these words, viz: *261 “American Central Insurance Company. The amount of stock apportioned to Nebraska City is $10,000.”
It is very clear that if we give to this condition the effect which its language plainly imports, it must be held to be a precedent condition to the payment of the twenty per cent, for which the note was given, and that, at least as between the maker and the payee, payment could not be enforced until the whole amount of the $10,000 had been subscribed. That a conditional subscription need not be paid until the condition is performed, is a proposition which needs the citation of no authorities in its support.
It is true that the subscription list shows at least a nominal compliance with this condition. That is, there appears to have been subscribed the sum of $10,300, but it was very clearly shown that as to $2,800 thereof, taken by Gerhard, Crook, and McLennan, the subscriptions were not made until long after the action was commenced; indeed as to the subscriptions of Crook and McLennan, amounting to $2,000, not until a very few days before the trial, and quite evidently with the intention of avoiding the objection urged in the answer, that the whole amount of capital stock, which the condition called for, had not been taken.
The question of the good faith with which these three subscriptions were made, does not properly arise at this time. Conceding that they were genuine, which from the testimony may well be doubted, still they cannot avail the defendant here. A right of recovery must exist when the action is commenced, or it cannot be maintained.
Judging from the testimony, the most favorable view for the company is, that the action was prematurely brought. The evidence is far from sufficient to sustain the judgment. It must therefore be reversed and a new trial awarded.
Reversed and remanded.
The other judges concurred.